IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

WILLIAM BRADLEY                                                    PLAINTIFF

vs.                          Civil No. 4:16-cv-04066

CAROLYN W. COLVIN                                                  DEFENDANT
Commissioner, Social Security Administration

**MEMORANDUM OPINION**

William Bradley ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social

Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of

the Commissioner of the Social Security Administration ("SSA") denying his applications for

Supplemental Security Income ("SSI"), Disability Insurance Benefits ("DIB"), and a period of

disability under Titles II and XVI of the Act.

The Parties have consented to the jurisdiction of a magistrate judge to conduct any and all

proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and

conducting all post-judgment proceedings. ECF No. 5.[1] Pursuant to this authority, the Court issues

this memorandum opinion and orders the entry of a final judgment in this matter.

1.    **Background:**

Plaintiff protectively filed his disability applications on January 11, 2013 (DIB) and on

January 28, 2013 (SSI). (Tr. 13). In his applications, Plaintiff alleges being disabled due to

problems with his back, neck, and feet; eight ruptured discs in his back; surgery on both feet; and

neck problems. (Tr. 214). Plaintiff alleges an onset date of May 1, 2012. (Tr. 13). These

---

[1] The docket numbers for this case are referenced by the designation "ECF No. ____" The
transcript pages for this case are referenced by the designation "Tr."

1

applications were denied initially and again upon reconsideration. (Tr. 64-113).

Thereafter, Plaintiff requested an administrative hearing on his denied applications. (Tr. 142-143). This hearing request was granted, and Plaintiff's administrative hearing was held on June 10, 2014 in Texarkana, Arkansas. (Tr. 34-63). Plaintiff was present and was represented by counsel. *Id.* Plaintiff and a Vocational Expert ("VE")[2] testified at this hearing. *Id.*

Subsequent to this hearing, on June 17, 2015, the ALJ entered a fully unfavorable decision denying Plaintiff's disability applications. (Tr. 10-29). In that decision, the ALJ found Plaintiff met the insured status requirements of the Act through June 30, 2015. (Tr. 15, Finding 1). The ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since May 1, 2012, his alleged onset date. (Tr. 15-16, Finding 2). The ALJ determined Plaintiff has the following severe impairments: chronic pain syndrome status/post neck and back surgery and diabetes mellitus. (Tr. 16-17, Finding 3). The ALJ also determined Plaintiff's impairments did not meet or medically equal the requirements of any of the Listings of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 17-18, Finding 4).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined his RFC. (Tr. 18-26, Finding 5). In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined his RFC. *Id.* Second, the ALJ determined Plaintiff retained the capacity to perform the following:

> I find that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b). That is, he can lift and/or carry 20 pounds occasionally and 10 pounds frequently. He is not limited in pushing and/or pulling with his upper or lower extremities. He can sit, stand, and/or walk for about 6 hours in an 8-hour workday. He can occasionally balance, stoop, kneel, crouch,

---

[2] The VE's name was not included in the transcript.

crawl, and climb ramps and stairs, but cannot climb ladders, ropes, or scaffolds. He
has no manipulative, visual, communicative, or environmental limitations.

*Id.*

The ALJ then evaluated Plaintiff's Past Relevant Work ("PRW") and determined Plaintiff had no PRW during the relevant time period. (Tr. 26-27, Finding 6). The ALJ determined Plaintiff was forty-seven (47) years old on his alleged disability date. (Tr. 27, Finding 7). Such a person is categorized as a "younger person" pursuant to 20 C.F.R. § 404.1563(c) and 20 C.F.R. § 416.963(c). The ALJ also determined Plaintiff had at least a high school education was able to communicate in English. (Tr. 27, Finding 8).

The ALJ then determined whether Plaintiff retained the capacity to perform other work existing in significant numbers in the national economy. (Tr. 28, Finding 10). The VE testified at the administrative hearing regarding this issue. *Id.* Notably, the ALJ determined that a hypothetical person with Plaintiff's age, education, work experience, and RFC retained the capacity to perform work as the following: (1) poultry dresser (light, unskilled) with 1,800 such jobs in Arkansas and 40,000 such jobs in the United States; (2) arcade attendant (light, unskilled) with 300 such jobs in Arkansas and 64,000 such jobs in the United States; and (3) poultry eviscerator (light, unskilled) with 2,000 such jobs in Arkansas and 40,000 such jobs in the United States. (Tr. 28). Accordingly, the ALJ determined Plaintiff retained the capacity to perform this other work. *Id.* Based upon this finding, the ALJ then found Plaintiff had not been under a disability, as defined in the Act, from May 1, 2012 through the date of his decision or through June 17, 2015. (Tr. 29, Finding 11).

Plaintiff sought review with the Appeals Council. (Tr. 1-3). On June 20, 2016, the Appeals Council denied Plaintiff's request for review. *Id.* On July 20, 2016, Plaintiff filed his Complaint

in this case.  ECF No. 1.  Both Parties have filed appeal briefs and consented to the jurisdiction of this Court.  ECF Nos. 11-12.  This case is now ready for decision.

## 2.    Applicable Law:

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole.  *See* 42 U.S.C. § 405(g) (2010);  *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002).  Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision.  *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001).  As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently.  *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001).  If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed.  *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity.  *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998);  42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).  The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and

laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3.** **Discussion:**

In his appeal brief, Plaintiff claims the ALJ's disability determination is not supported by substantial evidence in the record. ECF No. 11. Plaintiff raises one issue for reversal: the ALJ's case should be reversed and remanded because the ALJ improperly considered the findings of his treating physician. *Id.* Upon review, the Court finds the ALJ did not properly consider the opinions of his treating physician. Thus, this case should be reversed and remanded.

Plaintiff's treating physician was Dr. James Sarrett, M.D. Plaintiff had been receiving treatment from Dr. Sarrett for more than ten years. Based upon his relationship with Plaintiff, Dr. Sarrett provided a physical assessment of Plaintiff and stated Plaintiff's limitations. (Tr. 627-630). This assessment is dated July 8, 2013. *Id.* In this assessment, Dr. Sarrett reported Plaintiff suffered from "Severe, (8-10)" pain that "would preclude the activity precipitating the pain." (Tr. 629). Dr. Sarrett reported Plaintiff would be unable to "do a full time competitive job that requires activity on a sustained basis." (Tr. 630). Dr. Sarrett found Plaintiff would only be able to sit for two hours during an eight-hour day; could never twist, stoop, crouch, kneel, or crawl; and could never handle, finger, or push and pull. (Tr. 627-630). Dr. Sarrett based these findings upon the fact Plaintiff suffers from "cervical spondylosis with myelopathy." (Tr. 625).

In his opinion, the ALJ disregarded Dr. Sarrett's findings. (Tr. 18-26). As the ALJ stated that those limitations should be disregarded because they could not "reasonably be expected" to be caused by Plaintiff's cervical spondylosis with myelopathy. (Tr. 26). In applying this "reasonably be expected" standard, the ALJ cites no medical evidence but instead speculates on this issue.

Dr. Sarrett treated Plaintiff for 10 years for chronic neck and back pain. (Tr. 24). During the past 10 years, Plaintiff has had *both* neck and back surgeries. Dr. Sarrett's records support Plaintiff's claim that he suffers from chronic pain. *See, e.g.,* Tr. 625. Accordingly, the ALJ should have supplied better reasons for discounting Dr. Sarrett's findings.

In this case, the ALJ was required to give "good reasons" for discounting the findings of Dr. Sarrett. *See* 20 C.F.R. § 404.1527(d)(2) (2012). *See also Tiley v. Astrue,* 580 F.3d 675, 680 (8th Cir. 2009) (holding "[t]he regulations require the ALJ to 'always give good reasons' for the weight afforded to the treating physician's opinion"). Since the ALJ improperly characterized Dr. Sarrett's

findings, not only did the ALJ not consider those findings but he also did not give "good reasons" for discounting those findings. Thus, this case must be reversed and remanded for further consideration of Dr. Sarrett's findings.

**4.** **Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is not supported by substantial evidence and should be reversed and remanded. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 23rd day of June 2017.**

/s/   Barry A. Bryant_____
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE